# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| KIM MCGRIFF, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 2:13cv152 HCM |
| GRAMERCY CAPITAL CORP., et al., | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, Kim McGriff, by and through the undersigned counsel, for her First Amended Complaint[1] against Defendants, Gramercy Capital Corp., First States Investors 3500 LLC, CBRE Group Inc., CB Richard Ellis of Virginia Inc. and Otis Elevator Company, states the following in support thereof:

## PARTIES

1. Plaintiff, Kim McGriff (hereinafter "Plaintiff"), is an adult resident of the City of Norfolk, Virginia.

2. The Defendant, Gramercy Capital Corp. (hereinafter "Gramercy"), is a Maryland corporation with a principal place of business at 420 Lexington Avenue, New York, New York. Gramercy regularly transacts business in the Commonwealth of Virginia. At all times relevant hereto, Gramercy owned, managed and/or maintained a commercial office building located at 1 Commerce Place, Norfolk, Virginia 23510 (hereinafter the "Subject Property").

3. The Defendant, First States Investors 3500 LLC (hereinafter "First States"), is a Delaware corporation with a principal place of business at 610 Old York Road, Jenkintown,

---

[1] This Amended Complaint is being filed under the Court's April 29, 2013 Order, granting Plaintiff authority to amend Count Two of the Complaint which alleges *res ipsa loquitur* via "joint and exclusive control".

Pennsylvania. First States regularly transacts business in the Commonwealth of Virginia. At all times relevant hereto, First States owned, managed and/or maintained the Subject Property.

4. The Defendant, CBRE Group Inc. (hereinafter "CBRE")[2], is a Delaware corporation with a principal place of business at 11150 Santa Monica Boulevard, Los Angeles, California. CBRE regularly transacts business in the Commonwealth of Virginia. At all times relevant hereto, CBRE managed and/or maintained the Subject Property.

5. The Defendant, CB Richard Ellis of Virginia Inc. (hereinafter "CBRE Virginia")[3], is a Virginia corporation with a principal place of business at 150 West Main Street, Norfolk, Virginia. CBRE Virginia regularly transacts business in the Commonwealth of Virginia. At all times relevant hereto, CBRE Virginia managed and/or maintained the Subject Property.

6. The Defendant, Otis Elevator Company (hereinafter "Otis Elevator"), is a New Jersey corporation with a principal place of business at 10 Farm Springs Road, Farmington, Connecticut. Otis Elevator regularly transacts business in the Commonwealth of Virginia. At all times relevant hereto, Otis Elevator managed, serviced and/or maintained elevators at the Subject Property, including but not limited to passenger elevator #7 (hereinafter the "Subject Elevator") at the Subject Property.

7. At all times relevant hereto, upon information and belief, Gramercy owned First States, which owned the Subject Property. In the alternative, Gramercy owned the Subject Property outright.

---

[2, 3] Currently before the Court is Plaintiff's Rule 15(c) Motion for Leave to File Relation Back Amendment to Complaint, which has not been ruled on as of yet. Consequently, Plaintiff has not changed defendant, CBRE Virginia and CBRE to the proper party entity of CBRE, Inc. f/k/a CB Richard Ellis, Inc., which Plaintiff reserves the right to do pending the Court's Order.

8. At all times relevant hereto, upon information and belief, Gramercy and/or First States leased a portion of, or all of, the Subject Property to Bank of America.

9. At all times relevant hereto, upon information and belief, Bank of America subcontracted for the management and/or maintenance of the Subject Property to CBRE and/or CBRE Virginia.

10. At all times relevant hereto, upon information and belief, Gramercy, First States, CBRE and/or CBRE Virginia jointly and severally managed the business relationship with Otis Elevator, which provided management, service and/or maintenance of the Subject Elevator at the Subject Property.

## JURISDICTION AND VENUE

11. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 10, as though the same were fully set forth at length herein

12. Jurisdiction in this matter is based upon Virginia Code §8.01-328.1.

13. Venue of this action is placed in this Court pursuant to Virginia Code §8.01-262.

## FACTS

14. Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 13, as though the same were fully set forth at length herein

15. The Defendants are common carriers with regard to the operation and use of the Subject Elevator on the Subject Property and as such, are held to the highest degree of care known to human prudence.

16. Plaintiff is employed by Maersk Line Limited which, at all times relevant hereto, leased office space in the Subject Property from Gramercy, First States, CBRE and/or CBRE Virginia.

17.     On or about February 9, 2011, Plaintiff entered the Subject Elevator in the Subject Property on the 12th Floor with the intention of going up to the 13th Floor.  Once inside, the Subject Elevator suddenly and violently dropped a number of floors (hereinafter the "Subject Accident").

18.     The sudden and violent drop of the Subject Elevator caused Plaintiff to sustain significant personal injuries to, *inter alia*, her back.

19.     At all times relevant hereto, upon and information and belief, all Defendants had prior notice of similar problems with the elevators at the Subject Property, including the Subject Elevator.

20.     At all times relevant hereto, upon and information and belief, the Defendants collectively and individually failed to properly manage, service and/or maintain the Subject Elevator in a safe, operable condition.

21.     As a direct and proximate result of Defendants' failure to manage, service and/or maintain the Subject Elevator in a safe, operable condition, Plaintiff sustained significant personal injuries to her back.

## COUNT ONE - NEGLIGENCE

22.     Plaintiff reiterates and incorporates the allegations contained in paragraphs 1 through 21, as though the same were fully set forth at length herein.

23.     Defendant, Gramercy Capital Corp., as the owner of the Subject Property and as a common carrier with regard to the operation and use of the Subject Elevator therein, had a duty to exercise the highest degree of care and diligence in the inspection, maintenance, servicing and operation of the elevators in a reasonably safe manner so as to avoid and prevent injuries to passengers.

24. Defendant, Gramercy Capital Corp., was negligent in that it failed to inspect, maintain, service and operate the Subject Elevator on the Subject Property in a reasonably safe manner on and before February 9, 2011, which resulted in the Subject Elevator making a sudden and violent drop between floors at the Subject Property.

25. As a direct and proximate result of the negligence of Defendant, Gramercy Capital Corp., the Subject Elevator made a sudden and violent drop between floors at the Subject Property, causing Plaintiff to sustain significant, permanent and painful injuries to her back and other areas, including pain, suffering and mental anguish.

26. Defendant, First States Investors 3500 LLC, as the owner of the Subject Property and as a common carrier with regard to the operation and use of the Subject Elevator therein, had a duty to exercise the highest degree of care and diligence in the inspection, maintenance, servicing and operation of the elevators in a reasonably safe manner so as to avoid and prevent injuries to passengers.

27. Defendant, First States Investors 3500 LLC, was negligent in that it failed to inspect, maintain, service and operate the Subject Elevator on the Subject Property in a reasonably safe manner on and before February 9, 2011, which resulted in the Subject Elevator making a sudden and violent drop between floors at the Subject Property.

28. As a direct and proximate result of the negligence of Defendant, First States Investors 3500 LLC, the Subject Elevator made a sudden and violent drop between floors at the Subject Property, causing Plaintiff to sustain significant, permanent and painful injuries to her back and other areas, including pain, suffering and mental anguish.

29. Defendant, CBRE Group Inc., as the managing company and/or maintenance company of the Subject Property and as a common carrier with regard to the operation and use of

the Subject Elevator therein, had a duty to exercise the highest degree of care and diligence in the inspection, maintenance, servicing and operation of the elevators in a reasonably safe manner so as to avoid and prevent injuries to passengers.

30. Defendant, CBRE Group Inc., was negligent in that it failed to inspect, maintain, service and operate the Subject Elevator on the Subject Property in a reasonably safe manner on and before February 9, 2011, which resulted in the Subject Elevator making a sudden and violent drop between floors at the Subject Property.

31. As a direct and proximate result of the negligence of Defendant, CBRE Group Inc., the Subject Elevator made a sudden and violent drop between floors at the Subject Property, causing Plaintiff to sustain significant, permanent and painful injuries to her back and other areas, including pain, suffering and mental anguish.

32. Defendant, CB Richard Ellis of Virginia Inc., as the managing company and/or maintenance company of the Subject Property and as a common carrier with regard to the operation and use of the Subject Elevator therein, had a duty to exercise the highest degree of care and diligence in the inspection, maintenance, servicing and operation of the elevators in a reasonably safe manner so as to avoid and prevent injuries to passengers.

33. Defendant, CB Richard Ellis of Virginia Inc., was negligent in that it failed to inspect, maintain, service and operate the Subject Elevator on the Subject Property in a reasonably safe manner on and before February 9, 2011, which resulted in the Subject Elevator making a sudden and violent drop between floors at the Subject Property.

34. As a direct and proximate result of the negligence of Defendant, CB Richard Ellis of Virginia Inc., the Subject Elevator made a sudden and violent drop between floors at the

Subject Property, causing Plaintiff to sustain significant, permanent and painful injuries to her back and other areas, including pain, suffering and mental anguish.

35. Defendant, Otis Elevator Company, as service company and/or maintenance company for the Subject Elevator at the Subject Property and as a common carrier with regard to the operation and use of the Subject Elevator therein, had a duty to exercise the highest degree of care and diligence in the inspection, maintenance, servicing and operation of the elevators in a reasonably safe manner so as to avoid and prevent injuries to passengers.

36. Defendant, Otis Elevator Company, was negligent in that it failed to inspect, maintain, service and operate the Subject Elevator on the Subject Property in a reasonably safe manner on and before February 9, 2011, which resulted in the Subject Elevator making a series of unusually sudden and violent drops between the 13th and 1st Floors.

37. As a direct and proximate result of the negligence of Defendant, Otis Elevator Company, the Subject Elevator made a sudden and violent drop between floors at the Subject Property, causing Plaintiff to sustain significant, permanent and painful injuries to her back and other areas, including pain, suffering and mental anguish.

**COUNT TWO - NEGLIGENCE - RES IPSA LOQUITOR**

38. By way of reference, Plaintiff incorporates the allegations contained in paragraphs 1 through 37 as though the same were fully set forth at length herein.

39. At all times relevant hereto, the inspection, maintenance, servicing and operation of the Subject Elevator on the Subject Property was in the exclusive control of Gramercy.

40. Alternatively, at all times relevant hereto, the inspection, maintenance, servicing and operation of the Subject Elevator on the Subject Property was under the exclusive control of First States.

41. Alternatively, at all times relevant hereto, the inspection, maintenance, servicing and operation of the Subject Elevator on the Subject Property was under the exclusive control of CBRE.

42. Alternatively, at all times relevant hereto, the inspection, maintenance, servicing and operation of the Subject Elevator on the Subject Property was under the exclusive control of CBRE Virginia.

43. Alternatively, at all times relevant hereto, the inspection, maintenance, servicing and operation of the Subject Elevator on the Subject Property was under the exclusive control of Otis Elevator.

44. The Subject Elevator, like all elevators, does not make a series of unusually sudden and violent drops with a force sufficient to cause significant back injuries to passengers in the absence of negligence in the inspection, maintenance, servicing and operation of the elevator.

45. As a direct and proximate result of the negligence of Defendants, Gramercy Capital Corp., First States Investors 3500 LLC, CBRE Group Inc., CB Richard Ellis of Virginia Inc. and/or Otis Elevator Company, severally, the Subject Elevator made a series of unusually sudden and violent drops causing Plaintiff to sustain permanent and painful injuries to her back and other areas, including pain, suffering and mental anguish.

46. Plaintiff demands a trial by jury.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that judgment be entered in her favor and against Defendants, Gramercy Capital Corp., First States Investors 3500 LLC, CBRE Group Inc., CB Richard Ellis of Virginia Inc. and Otis Elevator Company, jointly and/or severally, in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00),

pre- and post-judgment interest, costs, reasonable attorney's fees and for other such relief as may be awarded by this Honorable Court.

RESPECTFULLY SUBMITTED,
KIM MCGRIFF

_____/s/_____
T. Wayne Williams, Esq. VSB No. 47537
WILLIAMS DELOATCHE, P.C.
924 Professional Place, Suite B
Chesapeake, VA 23320
twwilliams@wd-law.com
(757) 547-5555
(757) 547-5515 (fax)

Brett N. Tishler, Esq.
Admitted *Pro Hac Vice*
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215) 864-6879
(215) 789-7576 (fax)
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing First Amended Complaint was electronically filed with the Clerk of Court using the CM/ECF system on this 8th day of May, 2013, notification of which will subsequently be served upon the following counsel of record:

Mark C. Nanavati, Esquire
VSB No. 38709
Sinnott, Nuckols & Logan, P.C.
13811 Village Mill Drive
Midlothian, VA 23114
*Counsel for Defendants*
*Gramercy Capital Corp. and First States Investors 3500 LLC*

David L. Dayton, Esquire
VSB No. 31177
Kalbaugh, Pfund & Messersmith, P.C.
555 East Main Street, Suite 1200
Norfolk, VA 23510
*Counsel for Defendants*
*CBRE Group Inc. and CB Richard Ellis of Virginia Inc.*

Michael J. Garnier, Esquire
VSB No. 23994
Garnier & Garnier, P.C.
2579 John Milton Drive, Suite 200
Herndon, VA 20171
*Counsel for Defendant*
*Otis Elevator Company*

/s/
T. Wayne Williams, Esquire