**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**



FILED

MAY - 9 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

KIM MCGRIFF,

      **Plaintiff,**

v.

                                               Civil Action No. 2:13cv152

**GRAMERCY CAPITAL CORP., et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Kim McGriff's ("Plaintiff") Rule 15(c) Motion for Leave to File Relation Back Amendment to Complaint. Doc. 21(filed April 9, 2013). Plaintiff seeks to substitute CBRE, Inc., formerly known as CB Richard Ellis, Inc., ("CBRE") in place of two of the currently named defendants, CBRE Group, Inc. and CB Richard Ellis of Virginia, Inc. (collectively, the "misnamed defendants" or "Defendants").[1] Plaintiff's time to amend as a matter of course has elapsed, and the limitations period on Plaintiff's cause of action expired on February 9, 2013, necessitating the instant Motion. Id. at 3. After examining the Motion and the briefs, the Court finds that oral argument is unnecessary because the facts and legal contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons explained herein, the Court hereby **GRANTS** Plaintiff's Motion.

## I. BACKGROUND

Plaintiff was allegedly injured in an elevator fall on February 9, 2011. Compl. ¶ 17. Plaintiff filed suit in the Norfolk Circuit Court on February 8, 2013. Doc. 30 at 1. The applicable

---

[1] Both Defendants are represented by the same counsel and that counsel has argued on behalf of CBRE in opposition to Plaintiff's Motion. Accordingly, a reference to the position of Defendants or CBRE necessarily means the position of both.

statute of limitations on Plaintiff's personal injury action ran February 9, 2013. See Va. Code

Ann. § 8.01-243(A) (requiring personal injury actions to be brought within two years of the

cause of action accruing).  The correct CBRE entity claims that it first received notice of this

action when the misnamed Defendants were served on February 20, 2013. Doc. 30 at 1–2. The

misnamed Defendants removed this action to this Court on March 22, 2013. Doc. 1. In their

notice of removal the misnamed Defendants identified the correct CBRE entity. Id. at 3–4, ¶¶

11–14. Plaintiff filed the instant motion on April 9, 2013. Doc. 21. Defendants responded in

opposition on April 23, 2013. Doc. 30.  Plaintiff filed a Motion for Leave to File a Late Reply on

May 7, 2013. Docs. 35, 36. Defendants have represented to the Court that they do not intend to

oppose Plaintiff's request for leave to file a late reply. Accordingly, for good cause shown,

Plaintiff's Motion for Leave to File a Late Reply, Doc. 35, is **GRANTED** and the Court will

consider Plaintiff's proposed reply, Doc. 36, Ex. A. Accordingly, the underlying matter of

Plaintiff's Motion for Leave to File Relation Back Amendment to Complaint ("Motion" or "the

instant Motion") is ready for adjudication.

## II. Legal Standards

For an amendment that changes "the party or the naming of the party against whom a

claim is asserted" to relate back: (1) "the amendment [must] assert [] a claim or defense that

arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the

original pleading"; and (2) within the Rule 4(m) period for service the proposed party (a) must

have "received such notice of the action that it will not be prejudiced in defending on the

merits"; and (b) "knew or should have known that the action would have been brought against it,

but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C) and

(c)(1)(B); see Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485, 2489 (2010); Goodman v.

Praxair, Inc., 494 F.3d 458, 467 (4th Cir. 2007).

### III. ANALYSIS

The first element is not contested—Plaintiff seeks to make CBRE a defendant in the negligence claim related to the elevator fall that she set forth in her original complaint. See Doc. 21. The Defendants raise three issues, which will be considered in the order raised.

*1. Notice and Prejudice*

The bulk of the parties' argument focuses on the first prong of the second element: whether CBRE, within the limitations period, "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). CBRE argues that the fact that it first received notice after the statute of limitations expired is significant. Doc. 30. However, the rule that required notice of the action before the statute of limitations expired was abandoned in the early 1990s. See Fed. R. Civ. P. 15 advisory committee's note (noting that, in a 1991 amendment to the former version of (c)(1)(C), the rule was modified to change the result in Schiavone v. Fortune, 477 U.S. 21, 31 (1986) (requiring, under the prior rule, that the proposed party had notice of the action before the statute of limitations had run)). Currently, the limitations period for notice of the action is the Rule 4(m) service period. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) ("[t]he 'limitation period' for purposes of analyzing whether the newly added defendant received notice and should have had knowledge of the action is the [Rule 4(m)] service period [].") Rule 4(m) requires service of the summons and complaint within 120 days of filing the complaint, absent good cause. Fed. R. Civ. P. 4(m). As far as the statute of limitations is concerned, that Plaintiff filed the complaint before it had run is enough. Robinson, 602 F.3d at 607. The correct inquiry for relation back is whether CBRE received sufficient notice of the action within 120 days after the complaint was filed, such that it is not prejudiced in defending the action on the merits. Fed. R. Civ. P. 15(c)(1)(C); see Krupski, 130 S. Ct. at 2493 ("Rule

3

15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period").[2]

Here, Plaintiff seeks to amend her complaint to substitute CBRE as a party even before the 120 day Rule 4(m) period has run. Plaintiff filed this Motion only 60 days after she filed her complaint.[3] See Doc. 30 at 1 (noting the February 8, 2013 filing date); Doc. 21 (filed April 9, 2013). CBRE clearly has received "such notice of the action" within the Rule 4(m) period "that it will not be prejudiced in defending the suit on the merits." Indeed, if the original complaint had named CBRE, Plaintiff need not have served it upon CBRE yet. The facts CBRE asserts—that it "no longer has a valid services contract with" the other defendants, and that it "no longer employees the same employees"—are insufficient to justify denying Plaintiff the opportunity to amend her complaint. Indeed, these facts were true before the original complaint was timely filed. See Doc. 30 at 3 (noting that the service contract expired in 2011, CBRE stopped work in July 2012, and, because the contract expired and CBRE stopped work at the property, CBRE no longer employs the same employees nor has the same level of access to the property—Plaintiff did not file her complaint until February 8, 2013). CBRE is no worse off if Plaintiff is granted leave to amend, than if CBRE had been named in the original complaint.

> Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served. And that is accomplished in Rule 15(c) by requiring that a new party have had adequate notice within the limitations period and by assuring that the new party not be prejudiced by the passage of time between the original pleading and the amended pleading.

Goodman, 494 F.3d at 468 (emphasis added); see also Robinson, 602 F. 3d at 608 ("[t]he 'limitation period' for purposes of analyzing whether the newly added defendant received notice

---

[2] Accordingly, Defendants' attempt to distinguish Krupski because the defendants in that case had notice before the statute of limitations period expired is unavailing—that is clearly not necessary under the law in this Circuit.

[3] In fact, the misnamed defendants, who are closely affiliated with CBRE, admit having knowledge of the action a mere 11 days after the complaint was filed. This type of affiliation has been held to create "constructive notice" in the proposed new party. See Krupski, 130 S. Ct. at 2497.

and should have had knowledge of the action is the [Rule 4(m)] service period"). Accordingly, the Court **FINDS** that CBRE received such notice of this action within the Rule 4(m) period that it will not be prejudiced in defending this action on the merits.[4]

### 2. Mistake

Defendants are not clear about whether they contest the second prong of the second element—that they "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). As such, any argument on that prong is waived, but the Court addresses Defendants' vague statements nonetheless. Defendant references a letter wherein a representative of some CBRE entity informed Plaintiff that CB Richard Ellis of Virginia, Inc. was not a proper party to sue for Plaintiff's injuries. Doc. 30 at 5 (citing Doc. 21, Ex. E). Defendant asserts that, having been told this, she sued that entity anyway. Id. To the extent this is an argument that misnamed defendants were not named by "mistake," it is unavailing. First, Plaintiff also sued CBRE Group, Inc. in addition to the CBRE entity that some CBRE entity suggested was not the correct CBRE entity. Second, this prong is not a subjective investigation into what Plaintiff meant to do, but rather a query into whether CBRE knew or should have known that it was the party Plaintiff intended to sue. See Krupski, 130 S. Ct. at 2493 ("Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period"). It is abundantly clear from the briefs and exhibits, including the letter Defendant references, that CBRE knew it was the party Plaintiff

---

[4] CBRE's citations to Schieszler v. Ferrum Coll., 233 F. Supp. 2d 796, 802 (W.D. Va. 2002), and Everett v. Cherry, 671 F. Supp. 2d 819 (E.D. Va. 2009) aff'd sub nom. Everett v. Prison Health Servs., 412 F. App'x 604 (4th Cir. 2011), are inapposite. In Shieszler, the holding that Rule 15(c) did not apply relied, not on prejudice, but on a now rejected definition of "mistake." Schieszler, 233 F. Supp. 2d at 802; see Goodman, 494 F.3d at 467 (rejecting the formalistic view of "mistake" that looked at the plaintiff subjectively). In Everett, the relation back amendment was sought over a year and a half after the complaint was filed and this Court held that the only alleged "notice" of the action—that the party had read a newspaper article about the case—was too "flimsy" to suffice under Rule 15. Everett, 671 F. Supp. 2d at 819. 822.

intended to sue.[5] Even now, the Rule 4(m) period has not expired and CBRE knows that Plaintiff intended to sue it. Accordingly, the Court **FINDS** this prong satisfied.

### 3. Futility

Finally, Defendants argue that leave to amend should not be granted because adding CBRE would be futile. Futility is something the Court considers when determining whether to grant leave to amend. Johnson v. Oroweat Foods Co., 785 F.2d 503, 509–10 (4th Cir. 1986). In fact, one ground for denying leave to amend is for the futility that the amendment would not relate back to a date before an applicable, expired statute of limitations. See, e.g., Barnes v. Prince George's Cnty., 214 F.R.D. 379, 380 (D. Md. 2003) ("One circumstance rendering amendment futile is when the statute of limitations has run and the amendment would not relate back under Rule 15(c)"). Defendants' argue that amendment is futile because CBRE "did not owe Plaintiff a duty of care because it did not own or lease the subject property." Doc. 30 at 5. However, "[l]eave to amend[] should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. Johnson, 785 F.2d at 510 (4th Cir. 1986) (Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980), cert. dismissed, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980)). Accordingly, "a motion to amend a complaint is not held to the summary judgment standard[,] . . . but rather only to that of a motion to dismiss under Rule 12(b)(6)."Burns v. AAF-McQuay, Inc., 980 F. Supp. 175, 179 (W.D. Va. 1997) (citing Fed. R. Civ. P. 12(b)(6)), aff'd, 166 F.3d 292 (4th Cir. 1999).

---

[5] Defendants' assertion that "even now it is unclear of the identity of the proper entity that Plaintiff intends to sue for managing and/or maintaining the subject property," is unconvincing. For this assertion, Defendants cites to a third party complaint filed by other defendants, the property owners, against another tenant. Doc. 30 (citing Doc. 25). In the third party complaint, the other defendants allege that the tenant had the duty to manage and maintain the property. Doc. 25 ¶ 4. However, the fact that the landlord joins a tenant, who happens to be the tenant who contracted with CBRE, does not mean that it was not clear that Plaintiff intended to sue CBRE. All indications are otherwise, not the least of which is Plaintiff's joining of two CBRE entities thinking that they had contracted with the tenant who the landlord now joins. See Compl. ¶ 9; Doc. 25 ¶ 4.

In their argument, Defendants analogize CBRE, as an independent contractor, to an employee who "may be liable for his own misfeasance (i.e., performance of an affirmative act done improperly), but not for his own nonfeasance (i.e., omission to do some act which ought to be performed)." Beaudoin v. Sites, 886 F. Supp. 1300, 1302-03 (E.D. Va. 1995) (citing Harris v. Morrison, Inc., 32 Va.Cir. 298, 298–99 (1993)); Doc. 30 at 6. Plaintiff seeks to replace misnamed Defendants with CBRE. The current allegations against the misnamed defendants are that they were negligent in that they "failed to inspect, maintain, service, and operate the Subject Elevator on the Subject Property in a reasonably safe manner." Compl. ¶¶ 30, 33. Whether, Plaintiff seeks to prove that this failure to do these tasks in a reasonably safe manner was an omission, or an affirmative act done improperly, is not clear at this time. However, because one possible means of proving this allegation would survive even Defendants' proposed analogy, granting a motion to dismiss would be inappropriate, so denying leave to amend is also inappropriate.[6] Accordingly, the Court **FINDS** that the proposed amendment would not be futile.

## IV. CONCLUSION

Because all the requirements of Rule 15(c) are met, and the amendment does not appear futile on its face, Plaintiff's Motion, Doc. 21, is **GRANTED** and it is **ORDERED** that Plaintiff shall have leave to file an amended complaint as proposed, which shall relate back with regard to CBRE, Inc., within eleven (11) days of this Order.

---

[6] Defendant's also asserts that the duty to "maintain a premises in a safe condition cannot be delegated to an independent contractor." Doc. 30 at 5. This is true, but Defendant cites nothing—save its employer-employee analogy, which is discussed above—for the premise that the independent contract cannot be held liable for its own negligence.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

_____/s/_____
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
Date: May __8__, 2013

8